UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **MICHAEL T. GIBBS, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | No. 3:13-mc-00028 |
| | ) | Judge Campbell |
| **v.** | ) | |
| | ) | |
| **CORRECTIONS CORPORTION OF AMERICA,** *et al.*, | ) ) | |
| | ) | |
| **Defendants.** | ) | |

# M E M O R A N D U M

The plaintiff, an inmate at the South Central Corrections Facility in Clifton, Tennessee, has filed a *pro se, in forma pauperis* action by way of a document he entitled "Governmental Tort Liability Claim/Negligence Tort Liability Claim-Action State-Wide Conspiracy of Omissive [sic] and Negligent Actions Exercised by Prejudice and Bias," which the court construes as a complaint against Corrections Corporation of America (CCA) and "The Department of Corrections Association." (Docket No. 1).

On March 27, 2013, the plaintiff filed a motion to amend his complaint to add claims against the following additional defendants: Daniel Pritchard, Warden of the South Central Correctional Facility (SCCF); SCCF Officer Cecile N. Casey; SCCF Officer Amber Bass; SCCF Officer Mercedes R. Jones; SCCF Officer Kayla Perry Lineberry; Tennessee Department of Corrections (TDOC); TDOC Director of Sentence Management Candace Whisman; TDOC General Counsel Debre Inglis; and unnamed SCCF prison doctors and nurses. (Docket No. 9 at p. 3). The plaintiff seeks monetary damages, release from custody, and other injunctive relief. (*Id*. & Docket No. 10). The plaintiff also has filed a "Motion to Enter Damages and Injuries into Government Tort Liability

Claim/Negligent Tort Liability Claim Action." (Docket No. 13).

The plaintiff's complaint is before the court for an initial review pursuant to 28 U.S.C. § 1915(e)(2)(B) and *McGore v. Wigglesworth*, 114 F.3d 601 (6th Cir. 1997), *reversed on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

### I. Motion to Amend the Complaint

The plaintiff has filed a motion to amend his complaint. (Docket No. 9). "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is filed . . . ." Rule 15(a), *Fed. R. Civ. P*. "Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party . . . ." Rule 15(a), *Fed. R. Civ. P*. Leave to amend a complaint "shall be freely given when justice so requires," *Id*.; *see Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995), and should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility, *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998)(citing *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose*, 203 F.3d at 420 (citing *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div*., 987 F.2d 376, 382-83 (6th Cir. 1993)).

As no responsive pleading has been filed in this case, the plaintiff may amend his complaint once as a matter of right. Rule 15(a), *Fed. R. Civ. P*.

### II. PLRA Screening of the Complaint

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants

dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990).

Although *pro se* complaints are to be construed liberally by the court, *see Boag v. McDougall*, 454 U.S. 364, 365 (1982), the court is required to dismiss a complaint brought by a plaintiff proceeding *in forma pauperis* "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted, 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).

## III. Allegations

In a series of submissions filed with the court (Docket Nos. 1, 4, 9, 10, and 11), the plaintiff makes lengthy allegations against numerous defendants, named and unnamed. First, the plaintiff alleges that CCA and "the Department of Corrections Association" are liable to the plaintiff under the Federal Torts Claims Act due to the negligent actions of their employees. Second, the plaintiff alleges that he has been and is being unlawfully confined by the Tennessee Department of Corrections due to the negligence of various state employees. In addition to seeking an award of monetary damages from the named defendants, the plaintiff asks the court to "annul and expunge" certain "felony time periods" from the plaintiff's record and to order the plaintiff's immediate release from custody. Third, the plaintiff alleges that SCCF defendants Pritchard, Casey, Jones, Bass, and Lineberry have retaliated against the plaintiff since he filed this lawsuit. Finally, the plaintiff alleges that SCCF Warden Pritchard and unnamed SCCF doctors and nurses failed to provide the plaintiff

3

with appropriate treatment for his known mental health conditions, including withholding needed medications from the plaintiff.

## IV. Federal Torts Claims Act Allegations

In his many filings with the court, the plaintiff consistently alleges that at least some of his claims fall within the reach of the Federal Tort Claims Act (FTCA ). 28 U.S.C. § 1346(b). The FTCA grants the federal district courts jurisdiction over a certain category of claims for which the United States has waived its sovereign immunity and rendered itself liable. The FTCA provides a limited waiver of the federal government's sovereign immunity. *Milligan v. United States*, 670 F.3d 686, 692 (6th Cir. 2012). The FTCA applies only to civil actions against the United States for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government . . . ." 28 U.S.C. § 1346(b)(1).

The statute defines "government employees" as "officers and employees of any federal agency." 28 U.S.C. 2671. The definition does not include independent contractors such as CCA, or the employees of the independent contractors. *See U.S. v. Orleans*, 425 U.S. 807, 813-14 (1976). No defendant in this case is an agency, instrumentality, or employee of the United States government. Jurisdiction under the FTCA therefore is lacking and cannot be used to support any of the plaintiff's claims. Accordingly, any claims brought pursuant to the FTCA will be dismissed, and the plaintiff's "Motion to Enter Damages and Injuries into Government Tort Liability Claim/Negligent Tort Liability Claim Action" (Docket No. 13) will be denied.

## V. Habeas Corpus Allegations

The plaintiff alleges that he is being unlawfully confined and asks for immediate release from

state custody.[1] He also asks the court to to "annul and expunge" certain "felony time periods" from the plaintiff's record.

The law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994)(citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)). A § 1983 claim challenging confinement must be dismissed even where a plaintiff seeks only injunctive or monetary relief, *Heck*, 512 U.S. at 489-90 (claim for damages is not cognizable). Additionally, a state prisoner does not state a cognizable claim under § 1983 where a ruling on his claim would imply the invalidity of his conviction and/or confinement, unless and until the conviction has been favorably terminated, *i.e.*, reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus*. *Heck*, 512 U.S. at 486-87; *Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001). More recently, the United States Supreme Court extended *Heck* to bar § 1983 actions that do not directly challenge confinement, but instead challenge the procedures that imply unlawful confinement. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

The plaintiff's claims concerning the validity of his continued confinement would be more appropriately brought in a petition for writ of *habeas corpus*, not in a civil rights complaint. Those claims will be dismissed without prejudice for that reason, should the plaintiff wish to file those claims via the appropriate route.

---

[1] For example, the plaintiff alleges he is being "unlawfully detained BEYOND-FULL EXPIRATIONS of all felony offenses that could hold him at a TDOC or/and C.C.A. prison." (Docket No. 13 at pp. 1-2)(emphasis in original).

## VI. Section 1983 Allegations

To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

As an initial matter, the plaintiff names the Tennessee Department of Corrections as a defendant. "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seeks a remedy against the State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity . . . ." *See Will v. Michigan Dep't of State Police*, U.S. 58, 66 (1989). TDOC is a department of the state of Tennessee and is immune from suit under Section 1983. *See Netters v. TDOC*, 2005 WL 2113587, at *3 (W.D. Tenn. Aug. 30, 2005). Therefore, any claims asserted by the plaintiff under § 1983 against TDOC fail as a matter of law. *Id.*

The plaintiff alleges that defendants Pritchard, Casey, Jones, Bass, and Lineberry have retaliated against him for filing this lawsuit, such as punishing the plaintiff with unfounded disciplinary write-ups and by placing the plaintiff in segregated lock-up. (Docket No. 9 at pp. 1, 3). A prisoner's claim that prison officials have retaliated against him for engaging in protected conduct is grounded in the First Amendment. *Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999) (*en banc*). To establish a *prima facie* case of retaliation within the context of § 1983, a plaintiff must

prove that: (1) he engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements (1) and (2), *i.e.*, that the adverse action was motivated at least in part by plaintiff's protected conduct. *Id.* at 394. In addition to proving a retaliatory motive, the plaintiff must establish that the alleged discriminatory action was punitive in nature by showing other than *de minimis* harm resulting from it. *See Ingraham v. Wright*, 430 U.S. 651, 674 (1977); *Thaddeus-X*, 175 F.3d at 396.

The plaintiff alleges that the defendants placed him in segregation and created false disciplinary reports not only to punish the plaintiff for filing this lawsuit, but also to extend the plaintiff's time in state custody since, according to the plaintiff, additional disciplinary write-ups somehow add to his term of imprisonment. (Docket No. 9 at p. 1). Although it is unclear at this early state of the proceedings whether the plaintiff ultimately can prevail on this claim, the court finds that the plaintiff's allegations of retaliation against defendants Pritchard, Casey, Jones, Bass, and Lineberry withstand the required frivolity review.

The plaintiff also alleges that certain SCCF defendants failed to provide the plaintiff with appropriate treatment and medication for his known mental illness. (Docket No. 9 at p. 7). Specifically, the plaintiff alleges that the SCCF Warden and unnamed prison doctors and nurses withheld the medication he had been taking at a prior institution and changed his medication "treating his illness as a way to punish him" and intentionally interfering with the treatment plan established by the TDOC-Morgan County Corrections mental health specialist and doctor. (*Id.* at pp. 12-13).

Delays in providing medical care, including care for mental health conditions, may give rise

to a violation of a prisoner's rights under the Eighth Amendment. However, such delays do not rise to the level of a constitutional violation unless a plaintiff complains that he suffered a detrimental effect to his health as a consequence of the alleged delay. *Garretson v. City of Madison Heights*, 407 F.3d 789, 797 (6th Cir. 2005)(citing *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001)).

Here, the plaintiff has alleged that the Warden's and unnamed defendants' withholding of medication and changing a treatment plan put in place by a mental health specialist and doctor at the institution at which the plaintiff previously was imprisoned caused the plaintiff's mental health to deteriorate such that the plaintiff began suffering from severe headaches, panic attacks, blackouts, and hearing voices. The court finds that the plaintiff has sufficiently stated a claim upon which relief can be granted under the Eighth Amendment of the United States Constitution through 42 U.S.C. § 1983 against the Warden and the unnamed defendant prison doctors and nurses.

Although designation of "John Doe" defendants is not favored, it is permissible when the defendants' identities are not known at the time the complaint is filed, but may be determined through discovery. *See Berndt v. Tennessee*, 796 F.2d 879, 882-84 (6th Cir. 1986). The court concludes that it would be inappropriate to dismiss the complaint against the "John Doe" defendants (the unidentified SCCF doctors and nurses) at this juncture because of the likelihood that the identities of these defendants will be determined during discovery.

**VII.    Conclusion**

For the reasons explained above, the plaintiff's motion to amend (Docket No.9) will be granted and the plaintiff's "Motion to Enter Damages and Injuries into Government Tort Liability Claim/Negligent Tort Liability Claim Action" (Docket No. 13) will be denied.

The court finds that the complaint states actionable claims as follows: (1) retaliation claims brought pursuant to § 1983 against defendants Daniel Pritchard, Cecile Casey, Amber Bass, Mercedes Jones, and Kayla Lineberry; and (2) denial of medical treatment claims brought pursuant to § 1983 against Daniel Pritchard and unnamed prison doctors and nurses at the South Central Correctional Facility ("John Doe" defendants). 28 U.S.C. § 1915(e)(2). These are the only defendants on which process shall issue.

However, the following claims and defendants will be dismissed: plaintiff's Federal Torts Claims Act claims as to all defendants; plaintiff's claims challenging his confinement in state custody as to all defendants; plaintiff's § 1983 claims against the Tennessee Department of Corrections.

An appropriate Order will be entered.

*Todd Campbell*
Todd J. Campbell
United States District Judge