UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL T. GIBBS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. 3:13-00350 |
| v. ) | Judge Campbell/Magistrate Judge Brown |
| ) | Jury Demand |
| CORRECTIONS CORPORATION ) | |
| OF AMERICA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

To: The Honorable Todd J. Campbell, United States District Judge

## REPORT AND RECOMMENDATION

Pending before the Court are Defendant Jordan's motion for summary judgment (DE 111)[1] and Defendants Pritchard, Casey, Jones, Lineberry, Payne,[2] Bass, and Staggs' motion for summary judgment. (DE 120). For the reasons stated below, the Magistrate Judge **RECOMMENDS** that both motions for summary judgment (DE 111, 120) be **GRANTED** and that Plaintiff's claims against Defendants Jordan, Pritchard, Casey, Jones, Lineberry, Payne, Bass, and Staggs, be **DISMISSED** with prejudice, but that the claims against the John Doe Defendants be **DISMISSED** without prejudice. The Magistrate Judge further **RECOMMENDS** that any appeal **NOT BE CERTIFIED** as taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

### I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff proceeds *pro se* and *in forma pauperis*. (DE 19). While confined at South Central Correctional Center ("SCCC") in Clifton, Tennessee,[3] Plaintiff filed a complaint against

---
[1] "DE" refers to Docket Entry.
[2] It appears that Defendant Payne was originally referred to as Defendant "Pain." (DE 22).
[3] Plaintiff was released from TDOC custody on April 11, 2014. (DE 115).

1

Corrections Corporation of America ("CCA") and Department of Corrections Association. (DE 1). He later moved to amend his complaint on March 27, 2013 (DE 9), adding the following defendants: Daniel Pritchard (SCCC Warden), Cecile N. Casey (SCCC Officer), Amber Bass (SCCC Officer), Mercedes R. Jones (SCCC Officer), Kayla Perry Lineberry (SCCC Officer), Tennessee Department of Corrections ("TDOC"), Candace Whisman (TDOC Director of Sentence Management), Debre Inglis (TDOC General Counsel), and unnamed SCCC doctors and nurses. (DE 9, p. 3).

The District Judge granted the motion to amend and summarized Plaintiff's claims as: (1) CCA and the Department of Corrections Association violated the Federal Torts Claims Act ("FTCA") as a result of their employees' negligence, (2) TDOC unlawfully confined Plaintiff beyond the length of his sentence as a result of TDOC's employees' negligence, (3) SCCC Defendants Pritchard, Casey, Jones, Bass, and Lineberry retaliated against Plaintiff for filing this lawsuit, and (4) Defendant Pritchard and SCCC doctors and nurses denied Plaintiff treatment for his known mental conditions. (DE 18). After doing so, the District Judge dismissed Plaintiff's claims arising under the FTCA,[4] Plaintiff's claims of unlawful confinement, and Plaintiff's request that the court "annul and expunge" certain "felony time periods" from his record. (DE 18, 19). The District Judge further dismissed the § 1983 claims brought against TDOC, as they were barred by the Eleventh Amendment. (DE 18, 19). Remaining in the lawsuit were § 1983 claims of (1) retaliation by Defendants Pritchard, Casey, Bass, Jones, and Lineberry, and (2) denial of medical treatment by Defendant Pritchard and unnamed prison doctors and nurses. (DE 18, 19).

---

[4] The docked does not reflect that CCA has been terminated as a Defendant. The Clerk should update the docket to show that CCA was terminated on 4-17-2013. (DE 18)

Plaintiff next moved to add Stephen Payne (SCCC Counselor), Carolyn Jordan (TDOC Commisioner's Designee), and Leigh Staggs (SCCC Disciplinary Officer) as defendants. (DE 22). The Magistrate Judge only granted this request insofar as Plaintiff claimed Defendants Payne, Jordan, and Staggs failed to protect him from assault by other detainees. (DE 25, p. 2).

Defendants Pritchard, Casey, Jones, Lineberry, Payne, and Staggs filed an answer on August 23, 2013. (DE 68). Defendant Jordan answered on September 5, 2013 (DE 74), and moved for summary judgment on August 8, 2014. (DE 111). Defendants Bass, Casey, Jones, Lineberry, Payne, Pritchard, and Staggs filed a motion for summary judgment under seal on May 30, 2014. (DE 120). The Magistrate Judge directed Plaintiff to respond to the motions for summary judgment by July 7, 2014, and warned Plaintiff that failing to respond may result in the motions being granted. (DE 121). Plaintiff did not reply to either motion.

## II. STANDARD OF REVIEW

According to Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is "material" for purposes of summary judgment if the fact could affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" if a reasonable jury, presented with the evidence, could return a verdict for the nonmovant. *Id.*; *Shreve v. Franklin Cnty., Ohio*, 743 F.3d 126, 131 (6th Cir. 2014). In reviewing a motion for summary judgment, the court should draw all reasonable inferences in favor of the nonmovant and avoid weighing the evidence or making credibility decisions. *Peterson v. Johnson*, 714 F.3d 905, 910 (6th Cir. 2013).

The movant has the burden of showing an absence of evidence supporting the opponent's position. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). If the movant makes this

3

showing, the burden shifts to the nonmovant to "designate specific facts showing that there [is] a genuine issue for trial." *Id.* The nonmovant must "go beyond the pleadings" to establish a genuine dispute of material fact. *Shreve*, 743 F.3d at 132 (citing *Celotex*, 477 U.S. at 324).

### III. ANALYSIS

**A. 42 U.S.C. § 1983**

To bring a claim under 42 U.S.C. § 1983, the claimant must allege that he was deprived of a federal or constitutional right by a person acting under the color of state law. *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009); *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). Plaintiff has raised First Amendment retaliation claims and Eighth Amendment denial of medical treatment and failure to protect claims against Defendants.

**B. Defendant Jordan's Motion for Summary Judgment**

According to Defendant Jordan, summary judgment is appropriately resolved in her favor because (1) Plaintiff's claims are conclusory and fail to state a claim upon which relief can be granted, (2) there is no evidence that Plaintiff was treated differently than similarly situated inmates regarding his disciplinary charges, (3) the facts demonstrate that there has been no retaliation against Plaintiff, and (4) Plaintiff's claims regarding his disciplinary convictions are barred by *Heck v. Humphrey* and *Edwards v. Balisok*. (DE 111). Plaintiff has not responded to Defendant Jordan's motion for summary judgment or statement of undisputed material facts.[5]

Before addressing the merits of Defendant Jordan's motion, the Magistrate Judge would like to clarify which claims have been brought against Defendant Jordan. In Plaintiff's motion to add three new defendants (DE 22), Plaintiff sought to assert several claims against Defendants

---

[5] Pursuant to Local Rule 56.01(g), Plaintiff's failure to respond to Defendant Jordan's statement of undisputed material facts indicates that Plaintiff does not dispute the facts for purposes of summary judgment. Additionally, Local Rule 7.01(b) provides that a party's failure to file a timely response to a motion, such as a motion for summary judgment, indicates that the party does not oppose the motion. Nevertheless, the Magistrate Judge has reviewed the entire file to ensure that the moving party has met their burden.

4

Jordan, Payne, and Staggs, including claims arising under the Americans with Disabilities Act, allegations regarding the grievance and disciplinary process, and claims that these Defendants failed to protect him from assault by other detainees. (DE 22) (DE 25, p. 2). The Magistrate Judge only granted Plaintiff's motion insofar as it added "failure to protect" claims against these Defendants.[6] (DE 25, p. 2).

While the Magistrate Judge originally allowed the matter to proceed with reservations (DE 25), Defendant Jordan has raised the issue of insufficient pleadings. (DE 111, 114). Plaintiff has not responded to Defendant's motion for summary judgment or come forward with additional evidence outside the pleadings in support of his "failure to protect" claim. As such, the Magistrate Judge finds that Defendant Jordan is entitled to summary judgment on this claim.

## C. Defendants Pritchard, Casey, Jones, Lineberry, Payne, Bass, and Staggs' Motion for Summary Judgment

The Defendants above seek summary judgment on Plaintiff's claims of (1) retaliation, (2) denial of medical care, and (3) failure to protect. (DE 120) (DE 120-1). Plaintiff has not responded to Defendants' motion for summary judgment or statement of undisputed material facts.[7]

### 1. Retaliation

---

[6] "Finally, Plaintiff has alleged that these Defendants failed to protect him and that he was assaulted by other detainees. . . . **On this claim** service of process will be allowed to proceed as to Pain, Jordan and Staggs." (DE 25, p. 2) (emphasis added). Defendant Jordan's discussion of Plaintiff's equal protection claims, retaliation allegations, and complaints regarding his disciplinary convictions (DE 114) is irrelevant as these claims are not currently pending against Defendant Jordan. It is unclear why the State devoted this much effort to addressing nonexistent claims, and it is even more disconcerting that the State spent so little discussion on Plaintiff's "failure to protect" allegation, the only claim pending against Defendant Jordan.

[7] Pursuant to Local Rule 56.01(g), Plaintiff's failure to respond to Defendants' statement of undisputed material facts indicates that Plaintiff does not dispute the facts for purposes of summary judgment. Since Plaintiff did not respond to Defendants' motion for summary judgment, the motion may be considered unopposed. *See* Local Rule 7.01(b). Again, the Magistrate Judge has reviewed the entire record, including all arguments for and against, to ensure that the moving party has met their burden.

In his first amended complaint, Plaintiff alleged that Defendants Pritchard, Casey, Jones, Bass, and Lineberry retaliated against him for filing this lawsuit which originally only named CCA and Department of Corrections Association as defendants. (DE 1, 9). According to Plaintiff, the retaliatory acts took the form of false disciplinary reports and convictions. (DE 9).

First Amendment retaliation claims have three required elements: (1) the claimant engaged in protected conduct, (2) an adverse action was taken against the claimant, and (3) the claimant shows that the protected conduct motivated, at least in part, the adverse action. *LaFountain v. Harry*, 716 F.3d 944, 948 (6th Cir. 2013) (citing *Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc)). Filing a lawsuit against CCA, which owns and operates the prison, qualifies as protected conduct. *See id.* Disciplinary charges may meet the second prong if they would "deter a person of ordinary firmness from" filing lawsuits. *Id.* (internal citation omitted). The causal connection may be shown through "direct or circumstantial evidence indicating that the protected conduct was a substantial or motivating factor behind the adverse action against plaintiff." *Eckerman v. Tennessee Dep't of Safety*, 636 F.3d 202, 208 (6th Cir. 2010). The evidence must be "such that a reasonable juror could conclude that the [disciplinary conviction] would not have occurred but for his engagement in protected activity." *Id.* at 209.

Defendants are entitled to summary judgment on Plaintiff's retaliation claim, as Plaintiff has failed to establish a causal connection between Plaintiff filing the lawsuit and his subsequent disciplinary convictions. (DE 120-1, p. 4). According to Defendants, and not rebutted by Plaintiff, there are two relevant disciplinary incidents. The first occurred on March 16, 2013, and the second occurred on March 18, 2013. (DE 120-1, p. 4) (DE 120-2, p. 3 ¶¶ 17, 18).[8] Plaintiff pled guilty to these charges on March 26 and 27, 2013, and did not appeal the convictions. (DE

---

[8] The Magistrate Judge notes a typo in Defendants' statement of undisputed material facts. According to Defendant Bass' declaration, Plaintiff "was **not** called by anyone to be in the Apollo Care Center." (DE 120-7, p. 1 ¶ 3). The statement of undisputed material facts neglected to include "not" in this statement. (DE 120-2, p. 3 ¶ 18).

120-1, pp. 4-5) (DE 120-2, p. 3 ¶¶ 20-22). Defendants were not named in the original complaint, and their declarations universally state they were not aware of the pending case until they were served with Plaintiff's amended complaint in June and July 2013. (DE 120-1, p. 5) (DE 120-3, p. 2 ¶¶ 10-11) (DE 120-4, p. 1 ¶¶ 4-5) (DE 120-5, p. 1 ¶¶ 5-6) (DE 120-6, p. 1 ¶¶ 5-6) (DE 120-7, p. 1 ¶¶ 4-5). Plaintiff has not responded to these claims and has not put forth facts suggesting that Defendants were aware of his complaint at the time of the disciplinary proceedings. The causal connection has not been shown, and summary judgment in favor of Defendants is appropriate.

2. **Denial of Medical Care**

Plaintiff received mental health treatment from TDOC before he was transferred to SCCC. (DE 9, pp. 6-7). He contends that upon his arrival at SCCC "his medication was cut-off, changed, reduced in amount with denial of the treatment he was receiving." (DE 9, pp. 7, 10). Dropping and changing Plaintiff's medication was, according to Plaintiff, a way for SCCC officers to punish him and was an insufficient response to Plaintiff's medical needs. (DE 9, p. 12). He further claimed that "C.C.A. Officials fail to respond to complaints about the seriousness of the severe headaches, panic attacks, blackouts, shocks, voices, etc." (DE 9, p. 13). Defendant Pritchard and unnamed doctors and nurses are alleged to be responsible for this conduct. (DE 9).

It is well understood that the Eighth Amendment "forbids prison officials from unnecessarily and wantonly inflicting pain on an inmate by acting with deliberate indifference toward [his] serious medical needs." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 941 (6th Cir. 2010) (quoting *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004)) (internal quotations omitted). "Deliberate indifference has two components to it: objective and subjective." *Id.*; *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013). To satisfy the objective prong, the claimant must show he had a "sufficiently serious medical need."

7

*Jones*, 625 F.3d at 941 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). To satisfy the subjective prong, the claimant must show that the "prison officials have a sufficiently culpable state of mind in denying medical care" which has been compared to a recklessness standard. *Id.* (quoting *Blackmore*, 390 F.3d at 895) (internal quotations omitted). The claimant must prove that the official "(1) subjectively knew of a risk to the inmate's health, (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk." *Id.* (citing *Farmer*, 511 U.S. at 837).

Defendants argue that Plaintiff failed to meet the subjective prong because Plaintiff received medical care for his mental health issues while incarcerated at SCCC. (DE 120-1, pp. 6-7). Plaintiff's claim, according to Defendants, should be analyzed as a claim of inadequate medical treatment, not denial of medical treatment. (DE 120-1, p. 7). The Magistrate Judge agrees, as Plaintiff has alleged that changes to his medication violated the Eighth Amendment. When presented with claims of inadequate medical treatment, "federal courts are generally reluctant to second guess medical judgments," unless the treatment was "so woefully inadequate as to amount to no treatment at all." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)). Moreover, inmates are not entitled to choose their medical care, and an inmate's disagreement with the type or scope of the medical care he received does not establish that the treatment was inadequate or that the prison officials were acting with deliberate indifference. *Dotson v. Phillips*, 385 F. App'x 468, 471 (6th Cir. 2010); *Murray v. U.S. Bureau of Prisons*, 106 F.3d 401, at *3–4 (6th Cir. 1997); *Westlake*, 537 F.2d at 860 n.5; *Kimbrough v. Waldon*, No. 3:12-cv-00782, 2013 WL 5236656, at *3 (M.D. Tenn. Sept. 17, 2013).

According to Defendants' statement of undisputed material facts, Plaintiff was incarcerated at SCCC from January 22, 2013 to July 2013. (DE 120-2, p. 1 ¶ 1). When Plaintiff arrived at SCCC, he was suffering from mental health issues and was being treated with Elavil, Risperdal, and Wellbutrin. (DE 120-2, p. 2 ¶ 10). For unspecified safety and security reasons, Plaintiff's prescriptions for Wellbutrin and Elavil were discontinued. (DE 120-2, p. 2 ¶ 11). Six days after Plaintiff arrived at SCCC, the facility psychiatrist reviewed Plaintiff's file, scheduled a psychiatric appointment for Plaintiff, and provided Celexa for his mental health issues. (DE 120-2, p. 2 ¶ 12). Plaintiff was later prescribed Risperdal to treat his mental health issues in February 2013. (DE 120-2, p. 2 ¶ 13). After complaining of sleep disturbances and racing thoughts, Plaintiff was prescribed Risperdal and Celexa on March 11, 2013. (DE 120-2, p. 3 ¶ 16). On March 25, 2013, Plaintiff had a mental health treatment review where he was instructed to take his medications and attend individual psychotherapy. (DE 120-2, p. 3 ¶ 19). He was treated on April 17, 2013 after he complained of hearing voices. (DE 120-2, pp. 3-4 ¶ 23). Plaintiff was next seen for an individual psychiatry session on April 24, 2013, where his medications were changed in response to Plaintiff's complaints; he was prescribed Risperdal, and his Celexa prescription was changed to Pamelor. (DE 120-2, p. 4 ¶ 24). Plaintiff had another therapy session on April 27, 2013 (DE 120-2, p. 4 ¶ 25), and Plaintiff had no mental health complaints during a mental health screening on May 15, 2013. (DE 120-2, p. 4 ¶ 26). During Plaintiff's individual psychiatry session on June 10, 2013, he complained about his medication, but the medications were continued because there was no evidence of true psychosis. (DE 120-2, p. 4 ¶ 27). Plaintiff has neither responded to nor disputed any of these statements.

Although Plaintiff disagrees with the type of medical care he received, Defendants have presented unrebutted evidence of regular mental health treatment and timely responses to

Plaintiff's complaints of sleep disturbances, racing thoughts, and hearing voices. Summary judgment is appropriate as Plaintiff was not denied treatment, and the treatment he received was not "so woefully inadequate as to amount to no treatment at all." *Alspaugh*, 643 F.3d at 169.

### 3. Failure to Protect

Defendants Staggs and Payne seek summary judgment on Plaintiff's "failure to protect" claim. (DE 120-1, p. 9). According to Defendants, they were not aware of a potential risk to Plaintiff's health or safety and therefore may not be held liable for his subsequent injury. (DE 120-1, p. 11).

Claims of deliberate indifference are cognizable under § 1983, for "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011) (quoting *Farmer*, 511 U.S. at 833). To state such a claim, the claimant must satisfy two prongs: "(1) the alleged mistreatment was objectively serious; and (2) the defendant subjectively ignored the risk to the inmate's safety." *Id.* With regard to the second prong, the claimant must show that the prison officials were deliberately indifferent to his health or safety and may do so by showing the official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Id.* at 766–67; *see also Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004).

According to Defendants, Plaintiff failed to establish the subjective prong. (DE 120-1, p. 10). Citing to declarations from Defendants Staggs and Payne, Defendants contend that they had no knowledge of a potential threat to Plaintiff's health or safety. (DE 120-1, p. 10) (DE 120-8, pp. 1-2 ¶¶ 5-7) (DE 120-9, p. 2 ¶¶ 8-10). Defendants' statement of undisputed material facts further provides that Plaintiff's institutional file did not contain a record of any incompatibles or any grievances or complaints made by Plaintiff regarding other inmates, his safety, or his health.

(DE 120-1, p. 10) (DE 120-2, p. 4 ¶¶ 28-31). These statements are not contested by Plaintiff and are accepted as true. Summary judgment in favor of Defendants is appropriate, as Plaintiff failed to meet the subjective prong.

**D.    Remaining Defendants**

The Plaintiff states that he made no effort to name or serve the John Doe Defendants. Under Rule 4, Fed. R. Civ. P., these claims should be dismissed without prejudice.

## IV.    RECOMMENDATION

For the reasons stated above, the undersigned **RECOMMENDS** that both motions for summary judgment (DE 111, 120) be **GRANTED** and that Plaintiff's claims against Defendants Jordan, Pritchard, Casey, Jones, Lineberry, Payne, Bass, and Staggs, be **DISMISSED** with prejudice, but that the claims against the John Doe Defendants be **DISMISSED** without prejudice.  The Magistrate Judge further **RECOMMENDS** that any appeal **NOT BE CERTIFIED** as taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

Within fourteen (14) days from receipt of this Report and Recommendation, the parties may serve and file written objections to the findings and recommendations made herein. Fed. R. Civ. P. 72(b)(2). Parties opposing the objections must respond within fourteen (14) days from service of these objections. *Id.* Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation may constitute a waiver of further appeal. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** the 5th day of August, 2014,

/S/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge